**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 18 2013, 6:32 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KASIIM WEAVER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1211-CR-564 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1010-MR-12

**July 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Kasiim Weaver appeals his thirty-four year sentence for Class A felony voluntary manslaughter.[1] He argues his sentence is inappropriate based on his character and the nature of the offense. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 26, 2010, Weaver shot John Hargrove, Jr. in the back of the head, causing Hargrove's death. The State charged Weaver with murder,[2] but then amended Weaver's charging information to include a charge of Class A felony voluntary manslaughter. The same day, Weaver entered a guilty plea to Class A felony voluntary manslaughter and the State dropped the murder charge.

The plea agreement left sentencing to the trial court's discretion, but provided Weaver's sentence could not exceed forty years. The trial court sentenced Weaver to thirty-four years.

## DISCUSSION AND DECISION

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of

---

[1] Ind. Code § 35-42-1-3.
[2] Ind. Code § 35-42-1-1.

demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class A felony is thirty years, with a range of twenty to fifty years. Ind. Code § 35-50-2-4. One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Weaver shot Hargrove, who was unarmed, in the back of the head, when Hargrove was attempted to leave the conversation between Weaver and Hargrove. Weaver was not permitted to possess a firearm, as he had a prior felony conviction. In addition, witnesses to the crime did not indicate the men were fighting, but instead having a conversation when Weaver shot Hargrove. We cannot say Weaver's sentence is inappropriate in light of the nature of the crime.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Weaver had an unremarkable criminal record of drug possession and driving without a license.

3

However, the record indicates he routinely ignored court orders: he did not attend two paternity hearings, and did not pay child support as ordered. There was a bench warrant for Weaver's arrest for a 2007 domestic violence charge. Based on his criminal history and disregard for judicial orders, we cannot say Weaver's sentence is inappropriate based on his character.

Weaver has failed to persuade us that his four year sentence enhancement for Class A felony voluntary manslaughter is inappropriate based on the nature of the offense and his character. Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.